# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JENNIFER R. COLLINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | **MEMORANDUM OPINION <br> AND RECOMMENDATION** <br><br> 1:08CV728 |

Plaintiff, Jennifer R. Collins, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). The parties have filed cross-motions for judgment, and the administrative record has been certified to the court for review.

**Procedural History**

Plaintiff filed an application for Disability Insurance Benefits (DIB) on November 4, 2005 (protective filing date), alleging a disability onset date of March 4, 2005. Tr. 78. The application was denied initially and upon reconsideration. Tr. 34, 39. Plaintiff requested a hearing de novo before an Administrative Law Judge (ALJ). Tr. 42. Present at the hearing, held on May 23, 2007, were Plaintiff and her attorney. Tr. 324.

By decision dated July 9, 2007, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. Tr. 14. On October 23, 2007, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, Tr. 5, thereby making the ALJ's determination the Commissioner's final decision for purposes of judicial review. Plaintiff thereafter sought judicial review of the Commissioner's decision, and on June 19, 2008, the middle district court entered a consent order and judgment reversing the Commissioner's decision and remanding the cause for further administrative proceedings. Tr. 347-49. Pursuant to the consent order, upon remand, the Appeals Council was to consider whether it could issue a decision denying Plaintiff's claim at Step Five of the sequential evaluation process, or in the alternative, the case would be remanded to the ALJ to clarify the title and demands of Plaintiff's past relevant work, and if necessary, determine whether there are other jobs in the national economy she can perform. Id. 348.

By a decision dated August 5, 2008, the Appeals Council determined that Plaintiff was not disabled, finding that Medical-Vocational Rule 203.29 directed a finding of not disabled. Tr. 340. This determination is the Commissioner's final decision for purposes of judicial review.

In deciding that Plaintiff is not entitled to benefits, the Appeals Council made the following findings, which have been adopted by the Commissioner:

> 1. The claimant met the special earnings requirements of the Act on March 4, 2005, her alleged onset date, and continues to meet them through June 30, 2010.

2. The claimant has not engaged in substantial gainful activity since March 4, 2005, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq.*).

3. The claimant has the following severe combination of impairments: fibromyalgia and a history of an unspecified connective tissue disease (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. The claimant has the residual functional capacity to perform a full range medium work. However, due to the claimant's allegation of chronic pain, she would be further limited to performing unskilled work.

6. The claimant is unable to perform her past relevant work as Nursery School Attendant because it is classified as semi-skilled by the Dictionary of Occupational Titles. The issue of transferability of work skills is not material in view of claimant's age and residual functional capacity.

7. The claimant is 37 years old, which is defined as a younger individual, and has a high school education. The claimant has the capacity to perform unskilled, medium exertional work. Based on the claimant's residual functional capacity, age, education and work experience, 20 CFR 404.1569 and Rule 203.29, Table No. 3 of 20 CFR Part 404, Subpart P. Appendix 2, direct finding the claimant not disabled (20 CFR 404.1520(f)).

8. Considering the claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c)).

9. The claimant is not disabled as defined in the Social Security Act at any time through the date of the Administrative Law Judge's decision (July 9, 2007).

**Analysis**

In her brief before the court, Plaintiff argues that the Commissioner's findings are in error because the Appeals Council impermissibly applied the Medical-Vocational Guidelines in finding Plaintiff not disabled, and further erred in assessing a residual functional capacity ("RFC") which Plaintiff contends is less limiting than that found by the ALJ. The Commissioner contends otherwise and urges that substantial evidence supports the determination that Plaintiff was not disabled.

Scope of Review

The Act provides that, for "eligible"[1] individuals, benefits shall be available to those who are "under a disability," defined in the Act as the inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Social Security Administration ("SSA"), by regulation, has reduced the statutory definition of "disability" to a series of five sequential questions (the "sequential evaluation process"). An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Act's listing of impairments, (4) has an impairment

---

[1] Eligibility requirements for DIB are found at 42 U.S.C. § 423(a)(1).

which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work.  20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied.  Richardson v. Perales, 402 U.S. 389 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence.  See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)).  Substantial evidence is:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that this conclusion is rational.  Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed.  Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

Issues

1. Application of the Medical-Vocational Guidelines

Plaintiff first argues that the Appeals Council erred in relying on the Medical-Vocational Guidelines (the "Grids") to direct a finding of "not disabled" at Step Five of the sequential evaluation. Docket No. 14, Pl.'s Mem. at 4. Specifically, Plaintiff argues that Plaintiff's pain is a non-exertional impairment which precludes the use of the Grids. Id.

The Fourth Circuit has held that where a claimant suffers from non-exertional impairments,[2] the Commissioner may not rely exclusively on the Grids and instead must present evidence from a vocational expert that a particular claimant retains the ability to perform work that exists in the national economy. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983.) Nevertheless, the Fourth Circuit has made clear that not all non-exertional conditions or maladies rise to the level of "non-exertional impairments," such that they would preclude the use of the Grids. Smith v. Schweiker, 719 F.2d 723 (4th Cir. 1984.) Where non-exertional conditions do not "significantly affect [Plaintiff's] ability to perform work of which [s]he is exertionally capable," they are not considered impairments for purposes of determining whether jobs which Plaintiff can perform exist in the national economy, and the Commissioner may deny benefits "based upon a straightforward application of the

---

[2] A non-exertional impairment is an impairment "not manifested by loss of strength or other physical abilities." Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983.)

6

[G]rids," without testimony from a vocational expert. Id. at 724. Indeed, the Commissioner may rely exclusively on the Grids where he has properly decided, as an issue of fact, that Plaintiff's non-exertional condition of pain does not significantly affect her capacity for work. Stratton v. U.S. Dep't of Health & Human Servs., 1989 WL 100814, at *3 (4th Cir. 1989) (unpublished opinion). Thus, if in this matter substantial evidence supports the Appeals Council's finding that Plaintiff's non-exertional condition of pain does not significantly reduce her functional capacity to do medium work, then the Appeals Council properly relied on the Grids in finding that Plaintiff is not disabled. See id.; see also Turner v. Sullivan, 1990 WL 48854, at *2-3 (4th Cir. 1990) (unpublished opinion). The court finds that there is substantial evidence supporting the Appeals Council's decision.

The Appeals Council acknowledged that Plaintiff can perform only unskilled work because of limitations arising from chronic pain. Tr. 345. Social Security Ruling 85-15, Titles II and XVI: Capability To Do Other Work - The Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments ("SSR 85-15), makes clear that in light of Plaintiff's non-exertional impairments,"the final consideration [in determining disability] is whether [Plaintiff] can perform unskilled work." Unskilled work is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). The Appeals Council concluded that Plaintiff's only restriction to her ability to perform medium work is that she is limited by her chronic pain to performing

7

only simple tasks, which limitation is consistent with performing unskilled work. See id.

2. RFC Determination

Plaintiff also argues that the Appeals Council erred in assessing a RFC which Plaintiff contends is less limiting than that found by the ALJ. Pleading No. 14 at 5. Plaintiff argues that the Appeals Council's determination that Plaintiff is capable of unskilled work is less limiting than the ALJ's finding that Plaintiff is limited to simple tasks. Such a finding, Plaintiff argues, constitutes a re-weighing of the evidence and is outside the purview of the consent order and judgment entered by the district court. Id. Nevertheless, as the court noted already, the ability to do unskilled work is defined as the ability to do simple duties or tasks. Accordingly, the only difference between the RFC expressed by the ALJ and the one expressed by the Appeals Council is one of semantics. There being no substantial difference, there is no issue of whether the Appeals Council acted outside the scope of the district court's order.

**Conclusion and Recommendation**

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence, and the correct legal principles were applied. Therefore, **IT IS RECOMMENDED** that the Commissioner's decision finding no disability be **AFFIRMED**. To this extent, Plaintiff's motion for judgment on the pleadings (Pleading No. 13) seeking a reversal of the Commissioner's decision should be

**DENIED**, Defendant's motion for judgment on the pleadings (Pleading No. 15) should be **GRANTED**, and this action should be **DISMISSED** with prejudice.

_____
WALLACE W. DIXON
United States Magistrate Judge

March 11, 2011